UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Leslie Brooks Swartout, Jr.,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                  Case No. 1:09-cv-00132

Correctional Medical Services,
Inc., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants, Correctional Medical Services, Inc., Craig Hutchinson, M.D., Darrell Brady, M.D., and Thomas Lanore, P.A.'s Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b) (Dkt. #32), in this matter which was referred to the undersigned by the Honorable Janet T. Neff. For the reasons stated below, the undersigned recommends that the motion (Dkt. #32) be **granted** and Plaintiff's Complaint dismissed with prejudice.

On or about February 13, 2009, Plaintiff, a *pro se* prisoner, filed his Complaint alleging Defendants were deliberately indifferent to Plaintiff's serious medical need, abdominal pain and renal condition (hydronephrosis), pursuant to 42 U.S.C. § 1983, in violation of the Eighth Amendment to the United States Constitution. (Dkt. #1). On October 27, 2009, counsel for Defendants sent their First Request for Production of Documents to Plaintiff, requesting Plaintiff to sign authorization forms permitting Defendants to access his full and complete medical records from the Michigan Department of Corrections and Hackley Hospital. (Dkt. #30, Exhibit A). As of June 29, 2010, the date Defendants filed the instant motion (Dkt. #32), Defendants still had not received from Plaintiff signed authorizations granting Defendants access to Plaintiff's medical records.

On February 16, 2010, the undersigned entered an Order directing Plaintiff to execute the release necessary to permit Defendants to discover Plaintiff's medical records, and to do so no later than 14 days from the date of the Order. (Dkt. #27). That Order made explicit that "[f]ailure by Plaintiff to comply with this Order may result in the dismissal of his claim." (Dkt. #27). Plaintiff did not provide within 14 days—and in fact still has not to date, to the Court's knowledge—provided Defendants with signed authorizations granting access to Plaintiff's medical records, in direct violation of the February 16, 2010 Order. (Dkt. #27).

On or about February 17, 2010, Defendants filed a Motion To Dismiss pursuant to 42 U.S.C. ¤ 1997e(a) and Fed. R. Civ. P. 12(b)(6), challenging Plaintiff's failure to exhaust his administrative remedies against these Defendants, and challenging Plaintiff's failure to allege any personal involvement and/or direct participation as to Defendant, Craig Hutchinson, M.D. (Dkt. #28). Pursuant to W.D. Mich. L.Civ.R. 7.2, Plaintiff's Response to Defendants' Motion To Dismiss was due on or about March 22, 2010. To date, Plaintiff has filed no Response to Defendants' Motion To Dismiss.

On or about February 25, 2010, Defendants filed a Motion To Compel Discovery from Plaintiff, again requesting, among other things, that Plaintiff provide Defendants with a signed authorization granting Defendants access to Plaintiff's medical records. (Dkt. #30). Pursuant to W.D. Mich. L.Civ.R. 7.3, Plaintiff's Response to Defendants' Motion To Compel was due on or about March 15, 2010. To date, Plaintiff has filed no Response to Defendants' Motion To Compel, and on May 24, 2010, the undersigned entered an Order directing Plaintiff to respond, within 14 days, to the following: (1) Certain of Defendants' Interrogatories; (2) Defendants' Requests For Production of Documents; and (3) Defendants' Request that Plaintiff provide a signed release granting Defendants access to Plaintiff's medical records. (Dkt. #31). The Order specified: "Plaintiff shall execute the releases necessary to

permit Defendants to access his medical records no later than fourteen (14) days from the date of this Order. In the event Plaintiff fails to comply with this directive, the Court will, in response to a properly filed motion seeking such, recommend that Plaintiff's claims be dismissed for failure to prosecute and failure to cooperate in discovery." (Dkt. #31).

Plaintiff did not provide, within 14 days—and in fact still has not to date, according to Defendants' motion—provided Defendants with signed authorizations granting access to Plaintiff's medical records, again in direct violation of the *second* Order regarding Plaintiff's provision of signed authorizations to Defendants. (Dkt. #31).

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiff's failure to respond to Defendants' Motion To Dismiss (Dkt. #28), failure to Respond to Defendants' Motion To Compel Discovery (Dkt. #30), failure to respond to the direct Order of February 16, 2010 (Dkt. #27), and failure to respond to the second direct Order of May 24, 2010 (Dkt. #31), constitute sufficient grounds for this Court to dismiss this matter pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. The undersigned therefore recommends that Defendants, Correctional Medical Services, Inc., Craig Hutchinson, M.D., Darrell Brady, M.D., and Thomas Lanore, P.A.'s Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b) (Dkt. #32) be granted and Plaintiff's Complaint dismissed with prejudice.

Respectfully submitted,

Date: June 30, 2010

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).