UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE BROOKS SWARTOUT, JR.,

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

    Defendants.
_____/

Case No. 1:09-cv-132

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this pro se prisoner civil rights action on February 13, 2009, alleging claims of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983. The case was referred to the Magistrate Judge. After difficulties securing discovery, and Plaintiff's failure to respond to Defendants' motions and the Court's orders, Defendants filed a motion to dismiss Plaintiff's complaint for failure to prosecute, pursuant to FED. R. CIV. P. 41(b) (Dkt 32). The Magistrate Judge issued a Report and Recommendation (R & R) (Dkt 33), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 36). Also pending before the Court is Defendants' motion to dismiss, pursuant to 42 U.S.C. § 1997e(a) and FED. R. CIV. P. 12(b)(6) (Dkt 28).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I. Key Procedural History[1]

On October 27, 2009, counsel for Defendants sent a request for production of documents to Plaintiff, including authorization forms to permit Defendants access to Plaintiff's medical records from the Michigan Department of Corrections (MDOC) and Hackley Hospital (*see* Dkt 30, Ex. A). Around the same time, Plaintiff filed several motions to compel disclosure of his medical records (Dkts 20, 22, 23) by the MDOC. On November 20, 2009, in Response to Plaintiff's motions to compel, Defendants notified the Court of Plaintiff's failure to provide the requested authorization for release of his medical records, which were essential to this case (*see* Dkt 24). On February 16, 2010, the Magistrate Judge entered an order directing that Plaintiff execute the releases necessary to permit Defendants to access his medical records within fourteen days, and stating that Plaintiff's failure to comply with the Court's order may result in dismissal of his claims (Dkt 27 at 5).

Plaintiff failed to comply with the Court's February 16, 2010 order and failed to respond to subsequent defense motions. On February 17, 2010, Defendants filed a motion to dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 12(b)(6) (Dkt 28). Plaintiff's response to this motion was due on or about March 22, 2010; however, no response to Defendants' motion was ever filed (*see* R & R at 2). On February 25, 2010, Defendants filed a second motion to compel discovery, again requesting Plaintiff's authorization to view his medical records (Dkt 30). Plaintiff's response to this motion was due on or about March 15, 2010; however, once again, no response to Defendants' motion was ever filed (*see* R & R at 2).

---

[1] The full procedural history is well-documented in the Magistrate Judge's successive orders in this case and the Report and Recommendation.

On May 24, 2010, the Magistrate Judge issued a second order directing Plaintiff, once again, to execute the release within fourteen days, and stating that if Plaintiff failed to comply with the Court's directive, the Court would, "in response to a properly filed motion seeking such, recommend that Plaintiff's claims be dismissed for failure to prosecute and failure to cooperate in discovery" (Dkt 31 at 4).

On June 29, 2010, Defendants filed a motion to dismiss, pursuant to FED. R. CIV. P. 41(b), for failure to prosecute (Dkt 32). In response, the Magistrate Judge issued a Report and Recommendation, recommending that this Court grant Defendants' motion (Dkt 33).

## II. Discussion

Plaintiff has filed a "Motion to Dismiss Report and Recommendation," (Dkt 36), which the Court considers as timely filed objections to the Report and Recommendation. Plaintiff claims that he signed each and every document Defendants requested, including the medical release, on March 23, 2010 (Obj. at 1). He states that he was not aware that Defendants never received these documents until June 24, 2010, when he received a phone call from the law firm representing Defendants, after which, on June 30, 2010, he sent an email (*id.*, Ex. A) requesting that the forms be sent to him again because he had turned his file over to an attorney for review. Plaintiff states that he has complied with every discovery request from Defendants, that he has been hospitalized four times since February 2010, for at a week each time, and moreover, that he sent a change of address notice to the Court on May 23, 2010, but has not received anything from Defendants' attorney or the Court from that date until July 6, 2010, when he received the Report and Recommendation (*id.* at 2).

3

The Court is not persuaded that Plaintiff is entitled to relief. Plaintiff has provided the Court with no evidence to support his claims that he has been diligent in prosecuting this case, i.e., that he has responded to every discovery request, and that he justifiably failed to comply with the Court's repeated orders over several months because of lack of notice and his four hospitalizations. Absent some supporting documentation for his claims, the Court declines to countenance Plaintiff's total lack of attention to this case. This is particularly so given Plaintiff's initial active involvement in and monitoring of this case, as well as a second, earlier case proceeding simultaneously in this Court, filed by Plaintiff to seek redress for similar, if not the same claims, which was pending before Judge Robert J. Jonker. *See Swartout v. Correctional Med. Servs., Inc., et al.*, No. 1:07-cv-315 (W.D. Mich. 2007).

Plaintiff claims that he filed a change of address notice with the Court on or about May 23, 2010 (*id.*), although there is no record of the Court's receipt of the change of address notice. *See* W.D. Mich. LCivR 41.1 ("Failure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution."). In any event, Plaintiff apparently made no effort to follow-up on this case until the recommendation that it be dismissed.[2]

Even if Plaintiff did not receive copies of the Magistrate Judge's orders due to a change of address, he still owed a response to Defendants' motion requesting that order, filed February 25, 2010 (Dkt 30), as well as a response to Defendants' motion to dismiss, filed on February 17, 2010 (Dkt 28). The responses to these motions were due on or about March 15, 2010, and March 22,

---

[2]Plaintiff was incarcerated at the time he filed this action, but he notified the Court by letter dated June 3, 2009, that he had been paroled and a change of address should be entered in two cases he had pending in this Court (*see* Dkt 15, filed June 8, 2009). At that time, Plaintiff also requested the status of his other case, No. 1:07-cv-315, noting that several motions more than six months old were pending in that case (*id.*).

4

2010, respectively—over two months before Plaintiff allegedly filed the May 23, 2010, change of address notice (R & R at 2). No responses to these motions were ever filed, however (*see id.* at 3).

Further, Plaintiff seems to argue that his June 30, 2010, email, wherein he offered to sign another copy of the medical records release, is evidence that he willingly cooperated with Defendants in providing the requested authorization (*see* Obj., Ex. A). Plaintiff's belated response, however, is simply too little, too late, in light of the Court's ongoing difficulties with the progress of this case. Therefore, this Court holds that the Magistrate Judge was correct in recommending that Plaintiff's case be dismissed.

### III. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections to the Report and Recommendation (Dkt 36) are DENIED, and the Report and Recommendation (Dkt 33) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute (Dkt 32) is GRANTED, and Plaintiff's Complaint is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6) (Dkt 28) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: August 3, 2010                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge